IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LEE MICHAEL ALDRIDGE,**  CASE NO. 2:10-cv-0337
  CRIM. NO. 2:07-cr-0154(1)
  **Petitioner,**

v.

  **JUDGE HOLSCHUH**

**UNITED STATES OF AMERICA,**

  **Respondent.**

## REPORT AND RECOMMENDATION

On May 14, 2010, petitioner, Lee Michael Aldridge, filed a motion to correct or vacate sentence pursuant to 28 U.S.C. §2255. That filing was a signed copy of an unsigned motion which was filed on April 19, 2010. The case is before the Court on the signed petition, the United States' response, petitioner's reply, and the exhibits of the parties, as well as the file in the underlying criminal case. For the following reasons, it will be recommended that the Court appoint counsel and that an evidentiary hearing be held on petitioner's motion to vacate.

### I. FACTS AND PROCEDURAL HISTORY

Petitioner, as well as two other defendants, was indicted by the grand jury on July 12, 2007. The defendants were charged with conspiracy to possess with intent to distribute more than five kilograms of cocaine. Pursuant to a plea agreement, he pleaded guilty to that charge. On July 24, 2009, he was sentenced to twelve years in prison, to be followed by five years of supervised release. Judgment was entered on that same day. On March 16, 2010, petitioner filed a motion for leave to appeal, asserting, as the basis for his

late request, his attorney's alleged failure to file a notice of appeal in a timely fashion. The Court denied that motion on March 30, 2010 based on its lack of authority to grant the extension which petitioner had requested. Petitioner then filed the instant motion to vacate under 28 U.S.C. §2255 in which he has raised the same issue.

As supporting facts, petitioner asserts in the petition, which he verified under penalty of perjury, that he asked his attorney to appeal the sentence. In particular, he argues that he was given a firearm enhancement and an enhancement for a leadership role in the offense, and his counsel told him that he should not have received these two enhancements. Counsel assured petitioner that he would "take care of everything" concerning the appeal. Nevertheless, no appeal was ever filed.

It is worth noting that the original plea agreement did not address these two sentencing factors other than to indicate that the parties had not reached any agreement on sentencing factors other than the quantity of cocaine (between 50 and 150 kilograms) and petitioner's acceptance of responsibility, but that an addendum to the plea agreement filed on July 24, 2009, indicated that the parties had agreed that a twelve-year sentence was the appropriate sentence in the case, and that if the Court accepted that agreement, there would be no hearing on his objections to the Presentence Investigation Report. The United States further agreed not to appeal a twelve-year sentence if it were imposed.

At the sentencing hearing, after obtaining petitioner's acknowledgment that he signed the addendum to the plea agreement and that twelve years was, in fact, the appropriate sentence in this case, the Court nonetheless proceeded to rule on his objections

2

to the PSR. First, it sustained his objection to the proposed firearm enhancement, finding that the United States had not met its burden of showing that either of the firearms found in petitioner's residence had any nexus to the drug conspiracy to which petitioner pleaded guilty. The Court overruled his objection to an enhancement for playing an organizing role in the conspiracy, noting that the only reason given by petitioner for not applying this enhancement was his withdrawal from the conspiracy before it terminated, and that this was not sufficient to overcome evidence that, while a member of the conspiracy, petitioner was an organizer. However, after making these findings, the Court sentenced petitioner in accordance with the addendum to the plea agreement, finding that the sentence was appropriate in light of all of the factors set forth in 18 U.S.C. §3553(a). This sentence was well below the guideline range of 235 to 293 months calculated by the Probation Office based on a total offense level of 37 and a criminal history category of II, and also well below the range calculated by the Court of 188 to 235 months based on a total offense level of 35 and the same criminal history category. The mandatory minimum sentence in this case was ten years.

## II. THE ANSWER AND THE REPLY

The United States filed its return of writ on June 15, 2010. It was accompanied by a letter from James E. L. Watson, petitioner's attorney, dated June 11, 2010. In that letter, Attorney Watson states that neither his file nor his recollection support the claim that he agreed to file a notice of appeal for petitioner, and that he made no such promise. Because the letter itself is neither in affidavit form nor submitted under penalty of perjury, it has

limited or no evidentiary value. In any event, even if it were a sworn statement, it would simply contradict petitioner's contrary statement, which was submitted under penalty of perjury. The United States also argues, however, that petitioner got exactly the sentence to which he had agreed, and because of that agreement, he would have had no viable grounds to raise on appeal concerning the sentence. The United States does concede that if counsel had been asked to file a notice of appeal and failed to do so, his conduct would have fallen short of what is required by the Sixth Amendment, as interpreted by *Strickland v. Washington*, 466 U.S. 668 (1984) and its progeny. In his reply, petitioner argues that the failure to file a notice of appeal is a *per se* Sixth Amendment violation without regard to whether any issues raised on appeal might be frivolous, and asks for an evidentiary hearing to determine whether his or Attorney Watson's version of the facts is the more credible.

### III. ANALYSIS

In the recent past, this Court has received a plethora of petitions from state and federal prisoners who claim, as does the petitioner here, that their counsel was ineffective for failing to file a notice of appeal in accordance with their request. This Court has recognized that both *Roe v. Flores-Ortega*, 528 U.S. 470 (2000) and *Ludwig v. United States*, 162 F.3d 456 (6th Cir. 1998) appear to hold that the failure of an attorney to perform the largely ministerial act of filing a notice of appeal after his or her client has asked that such a notice be filed is a "professionally unreasonable" act, *see Flores-Ortega*, at 478, and that this failure is a "per se violation of the Sixth Amendment," *see Ludwig*, at 459. *See, e.g., Hunt*

4

*v. United States,* 2010 WL 2927213, *3-*4 (S.D. Ohio April 21, 2010), *adopted* 2010 WL 2927206 (S. D. Oho July 26, 2010).  Thus, it can certainly be argued that the merit, or lack of merit, of issues which the petitioner would have raised on appeal is not a factor to consider in determining whether the Sixth Amendment has been violated, and that if there is a factual dispute about whether counsel was instructed to file a notice of appeal, the only way in which that dispute can be resolved is through an evidentiary hearing.  *See, e.g., McPherson v. United States*, 107 F.3d 871 (6th Cir. February 13, 1997) (unreported), *citing Williams v. Browman*, 981 F.2d 901 (6th Cir. 1992); *see also Ross v. United States,* 339 F.3d 483 (6th Cir. 2003).

The courts which have considered this question have essentially adopted this argument.  For example, in *Wright v. United States,* 320 Fed. Appx. 421 (6th Cir. April 8, 2009), the Court of Appeals noted that, under *Flores-Ortega,* two separate types of Sixth Amendment claims can be made when an appeal is not filed - either that it was ineffective assistance for counsel not to have consulted with the defendant about an appeal, or that it was ineffective assistance for counsel to have disregarded explicit instructions to appeal.  As to the former, whether there were any issues which could be appealed is a consideration, because the absence of such issues may reasonably cause counsel not to consult with the client about an appeal.  As to the latter, however, *Wright*, following *Ludwig*, held that the allegation of an express request for an appeal entitled the petitioner to a hearing under §2255(b).  The same result was reached in *Carrion v. United States*, 107 Fed. Appx. 545 (6th Cir. August 17, 2004).  In fact, this Court is unaware of any holdings of

the Court of Appeals to the contrary, no matter how unlikely it would appear to be that an appeal would succeed in changing the ultimate result in the case.

Here, petitioner agreed to the sentence imposed, and one of the grounds he claims to have wished to pursue on appeal - that he was erroneously given a firearm enhancement - has no basis in the record whatsoever, because the Court sustained his objection to that enhancement. It is extremely unlikely that his other issues would cause the Court of Appeals to find that the sentence imposed - which was far below the guideline range and which was expressly agreed to by petitioner - was unreasonable, and that a new sentencing hearing would be required. Nonetheless, petitioner did not expressly waive his right to appeal the sentence. Thus, until the Court of Appeals retreats from *Ludwig's* seemingly absolute prohibition against considering the merits of any appeal in determining whether a petitioner has made out a viable ineffective assistance of counsel claim based on the alleged failure of counsel to file a notice of appeal at the direct request of the client, this Court may not resolve this case in any way other than by holding a hearing to determine if, as he alleges, petitioner instructed Attorney Watson to appeal. Thus, the appointment of counsel and the holding of an evidentiary hearing will be recommended.

## IV. RECOMMENDED DISPOSITION

For all of the foregoing reasons, it is recommended that counsel be appointed for petitioner and that an evidentiary hearing be held on his claim that his attorney disregarded an express directive to file a notice of appeal on petitioner's behalf.

## V. PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985);*United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ Terence P. Kemp  
United States Magistrate Judge